**Isidoro Ramirez OLIVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00972–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1997.

Rehearing Overruled April 24, 1997.

Ira Perez, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

LEE, Justice.

Appellant appeals his conviction for the felony offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.021 (Vernon 1994). In four points of error, appellant challenges (1) the sufficiency of the evidence; (2) the exclusion of certain evidence; (3) the prosecutor's closing argument at the punishment stage of trial; and (4) the effectiveness of his counsel. We reverse and remand the case for a new punishment hearing.

## BACKGROUND

The complainant testified that she was walking to her boyfriend's apartment when appellant pulled his Suburban alongside her and asked if she wanted a ride. After she refused, appellant stopped his vehicle and stepped out. He brandished a knife and forced the complainant into the passenger side of the Suburban. Appellant told her that if she tried to escape, he would kill her. After driving a short distance, appellant found a secluded place and stopped the Suburban. He told the complainant that he was going to have sex with her "whether she wanted to or not." He then sexually assaulted her.

Appellant left the complainant on a street corner. Because appellant's Suburban was stopped behind another car at the traffic light, the complainant was able to retrieve the Suburban's license plate number. The complainant walked to a supermarket and called her boyfriend. They drove to a nearby police station where she reported the crime. From there, she went to a hospital where a rape examination was performed.

Houston Police Detective Pedro Moreno conducted the initial investigation. After checking the registration of the license plate number, he learned that the vehicle belonged to appellant. Appellant was arrested and a blood sample was taken. Based on that sample and evidence obtained from the rape examination, a Houston Police Department chemist determined that appellant's DNA matched that of the semen retrieved from the complainant's body and clothes.

When appellant testified at trial, he admitted that he engaged in sexual intercourse with the complainant but claimed that she consented. He also claimed that after having sex, she became angry because he would not give her forty dollars. The jury found appellant guilty as charged and assessed punish-

ment at fifty years imprisonment. This appeal follows.

## ANALYSIS

In his first point of error, appellant claims the evidence was legally insufficient to support the verdict.[1] When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict. *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993); *Houston v. State,* 663 S.W.2d 455, 456 (Tex.Crim.App.1984). In doing so, we are to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Ransom v. State,* 789 S.W.2d 572, 577 (Tex.Crim.App.1989), *cert. denied,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990); *see also Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234 (Tex.Crim.App.1989). The jury, as the trier of fact, remains the exclusive judge of the credibility of the witness and the weight to be given their testimony. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789 (1979). The jury may accept or reject any or all of the evidence for either side. *Dumas v. State,* 812 S.W.2d 611, 615 (Tex.App.—Dallas 1991, no pet.) (citing *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982)).

■ The indictment in the present case alleged, in part, "[O]n or about May 15, 1993, [appellant] did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of A——— B———, hereinafter called the Complainant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant, without the consent of the Complainant. . . ." Appellant claims the evidence is insufficient to support his conviction because there was no testimony that he placed his "sexual organ" in the complainant's "sexual organ."

■ "Sexual organ" is not defined by statute and was not defined in the jury charge. Thus, the jury was free to apply the term

through its common and ordinary meaning. *Vernon v. State,* 841 S.W.2d 407, 409 (Tex. Crim.App.1992). The complainant testified that appellant placed his "penis" into her vagina. Additionally, on cross-examination, appellant admitted that he "placed his penis in the sexual organ of the complainant." Given this evidence, we find that a rational jury could conclude that appellant penetrated the complainant's female sexual organ with his sexual organ as alleged in the indictment. We overrule appellant's first point of error.

In his second point of error, appellant contends he was wrongly denied the right of confrontation and cross-examination. *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10. Specifically, appellant argues the trial court erred by refusing to allow defense counsel to fully cross-examine a State's witness regarding her testimony that scratches on the complainant's chest were caused by a knife. At trial, the following exchange occurred:

> DEFENSE COUNSEL: Is there anything else that could have made those puncture wounds as you've told us about other than fingernails and/or knives?
>
> WITNESS: She could have had a rash, I'm sure but it looked like a puncture from a knife tip. Could have been a nail, anything, [sic] sharp object.
>
> STATE: I object to that last question assuming facts not in evidence. Said [sic] fingernails or knife.
>
> COURT: Sustained.

The record indicates the State's witness conceded that an object *other than a knife* could have caused the scratches on the complainant's chest. Nevertheless, appellant argues the trial court prohibited defense counsel from developing *additional* testimony concerning possible alternative causes for the scratches.

■ When a defendant desires to elicit certain, specific responses from a State's witness, but is precluded from doing so by the

---

1. We note that the Texas Court of Criminal Appeals has recently held that the intermediary courts of appeals have the authority to review the factual sufficiency as well as the legal sufficiency of the evidence. *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996). However, because appellant did not request that we review the factual sufficiency of the evidence, we limit our review to the legal sufficiency standard. *See Rochelle v. State,* 791 S.W.2d 121, 124 (Tex.Crim.App.1990); *see also Wilson v. State,* 811 S.W.2d 700, 702 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd).

trial court, error is preserved in one of two ways: (1) the defendant may call the witness to the stand outside the presence of the jury and have him testify and answer the specific questions the defendant desires; or (2) the defendant may make an offer of proof of the questions he would have asked and the answers he expected to receive had he been permitted to question the witness in the presence of the jury. *Jefferson v. State,* 900 S.W.2d 97, 100 (Tex.App.—Houston [14th Dist.] 1995, no pet.) (citing *Koehler v. State,* 679 S.W.2d 6, 9 (Tex.Crim.App.1984)); *see also Thompson v. State,* 802 S.W.2d 840, 842–43 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

In the present case, the record indicates that after the State's objection was sustained, defense counsel failed to tender the required offer of proof or bill of exceptions. Thus, error was not preserved. *See* TEX.R.APP.P. 52(b). We overrule appellant's second point of error.

■ In his third point of error, appellant claims the prosecutor improperly commented on his failure to testify at the punishment stage of trial. Appellant concedes that he failed to object to the prosecutor's argument at trial, but contends that an objection was not necessary to preserve error because "the magnitude of the wrong done could not have been corrected by any instruction to disregard." The Court of Criminal Appeals has recently addressed this argument and held:

> [A] defendant's "right" not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it. [A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal.... Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling.

*Cockrell v. State,* 933 S.W.2d 73, 89 (Tex. Crim.App.1996) (citations omitted).

Having failed to object at trial, appellant has forfeited his right to complain about the prosecutor's argument. We overrule appellant's third point of error.

In his fourth point of error, appellant claims he was denied effective assistance of counsel at the guilt-innocence stage of trial because his counsel failed to (1) file a motion to suppress or otherwise attempt to exclude the arresting officer's testimony regarding appellant's conduct prior to his arrest; (2) object to a State's witness' "apparent lack of qualifications" to testify; (3) object to the admission of appellant's prior convictions; and (4) request a court reporter for a bench conference during trial. Appellant also asserts ineffectiveness of counsel at the punishment stage because his counsel failed to (1) object to the prosecutor's argument that appellant had shown no remorse during the trial; and (2) object to an erroneous jury charge.

### A. Ineffective Assistance During Guilt–Innocence Stage

In the guilt-innocence stage of trial, ineffective assistance claims are based on the two prong standard articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, appellant must demonstrate that counsel's performance was so deficient that it fell below an objective standard of reasonableness. *Id.* at 687, 104 S.Ct. at 2064. Second, appellant must demonstrate the deficient performance caused prejudice, such that the attorney's errors deprived appellant of a fair trial. *Id.*

■ In determining whether trial counsel's performance was deficient, judicial scrutiny must be highly deferential. *Id.* at 689, 104 S.Ct. at 2065. Counsel's competence is presumed, and a defendant must rebut this presumption by proving that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim. App.), *cert. denied,* 506 U.S. 885, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992). An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State,* 845 S.W.2d 824, 843

(Tex.Crim.App.1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Therefore, in determining whether the first prong of the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland,* 466 U.S. at 670, 104 S.Ct. at 2056.

■ To satisfy the second prong, appellant must show that a reasonable probability exists that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *Miniel,* 831 S.W.2d at 323. "Reasonable probability" means a probability sufficient to undermine confidence in the outcome. *Id.* Appellant has the burden of making this showing by a preponderance of the evidence. *Patrick v. State,* 906 S.W.2d 481, 495 (Tex.Crim.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).

■ Appellant initially argues he was denied effective assistance of counsel because counsel did not file a motion to suppress or otherwise attempt to exclude Officer Moreno's testimony regarding appellant's conduct prior to his arrest. Moreno testified that during his investigation, he had multiple telephone conversations with appellant and members of appellant's family. Moreno also indicated that appellant was untruthful about where he lived, and that appellant's family was generally uncooperative throughout the investigation.

■ For appellant to succeed on this ineffectiveness claim, he must demonstrate that if counsel had objected, the trial court would have erred in overruling the objection. *Vaughn v. State,* 931 S.W.2d 564, 566 (Tex. Crim.App.1996). Here, appellant fails to point out any specific reason why Moreno's testimony was inadmissible. Instead, he argues, "[Moreno's testimony] was harmful because it appeared to the jury that Appellant was attempting to avoid contact with the police." We have found no rule of evidence that precludes the admission of testimony simply because it is "harmful." In fact, evidence showing that an accused was deceptive during an investigation is relevant and admissible. *See Jimenez v. State,* 750 S.W.2d 798 (Tex.App.—El Paso 1988, pet. ref'd.); *see*

*also Wilkerson v. State,* 874 S.W.2d 127, 130 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Trial counsel's failure to object to admissible evidence does not constitute ineffective assistance of counsel. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ Appellant next complains of counsel's failure to object to a State's witness' testimony regarding wounds she found on the complainant's chest. On direct examination, Lois Cohn, a registered nurse, testified that she performed the complainant's rape examination. She observed several fresh scratch marks on the complainant's chest, and testified the scratches appeared to be knife wounds. Appellant argues that counsel should have objected to Cohn's testimony because "prior to [Cohn's testimony], there had been no testimony to indicate that she was qualified to testify regarding such [an] opinion." We disagree.

The record shows that Cohn was a registered nurse of twenty-four years. She testified she was trained in examining sexual assault victims and had performed the examinations for approximately nine years. She estimated that she performed between sixty and eighty rape examinations per year. She also stated that during rape examinations, she routinely examined the victim's entire body for bruises or lacerations. Finally, Cohn thoroughly explained why she believed the scratches were caused by a knife. As demonstrated, the record does not support appellant's contention that "no testimony" was offered to establish Cohn's qualifications. We also note that counsel effectively cross-examined Cohn by eliciting testimony that the marks on the complainant's chest could have been made by any sharp object *or* could have been caused by a rash. Thus, counsel's performance was not deficient.

■ Appellant next argues that counsel should have attempted to exclude appellant's prior convictions for aggravated assault. During cross-examination, the prosecutor asked appellant whether he had a knife at the time the offense occurred. He then asked appellant, "Is it your testimony that you don't have a knife?" to which appellant

responded, "I didn't have a knife, no sir." After an unrecorded bench conference, the State introduced evidence that appellant had twice pleaded guilty to aggravated assault. Appellant alleges these prior convictions were inadmissible, and counsel should have objected to their admission.

Generally, a defendant who elects to testify at trial places his credibility in issue and may be impeached by proof of prior felony convictions. *Alexander v. State,* 740 S.W.2d 749, 763 (Tex.Crim.App.1987); *see also* TEX. R.CRIM.EVID. 609(a). In the present case, appellant claims that counsel should have objected to the admission of his prior felony convictions but provides no argument or authority as to why the evidence was inadmissible. Additionally, we have found nothing in the record to indicate the convictions were inadmissible. We therefore find that appellant has failed to meet his burden of establishing ineffective assistance of counsel.

■ Appellant next asserts he was denied effective assistance of counsel because counsel failed to request that a record be made of the bench conference regarding the admissibility of his prior felony convictions. Appellant cites no authority for his position and seems to argue that such failure amounts to ineffective assistance as a matter of law. We decline to adopt such a rule. *See Gonzales v. State,* 732 S.W.2d 67, 68 (Tex.App.— Houston [1st Dist.] 1987, no pet.) (declining to hold the failure to record voir dire proceedings constitutes ineffective assistance as a matter of law).

■ Appellant's final complaint stems from counsel's failure to object to the prosecutor's "mischaracterization" that one of appellant's prior convictions involved a knife, when in fact, it involved a firearm. Appellant has failed to bring forward any evidence that the complained of offense did, in fact, involve a firearm. Thus, the record does not support appellant's claim. *See Huynh v. State,* 833 S.W.2d 636, 638 (Tex.App.—Houston [14th Dist.] 1992, no pet.) (assertions of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim). However, assuming appellant's prior conviction involved a firearm rather than a knife, we cannot conclude that counsel's failure to object was anything other than trial strategy to avoid over-emphasis of the conviction. *See Ybarra v. State,* 890 S.W.2d 98, 113 (Tex.App.—San Antonio 1994, pet. ref'd) (failure to object to improper impeachment may be strategic choice).

## B. Ineffective Assistance During the Punishment Stage

■ We now address whether appellant received ineffective assistance during the punishment stage of trial. The standard of review for ineffective assistance of counsel at the punishment stage differs from the *Strickland* test. The constitutional right to effective assistance does not entitle appellant to errorless counsel, nor do we judge counsel's competency by hindsight. *Ex parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Rather, the right entitles appellant to counsel "reasonably likely to render and rendering reasonably effective assistance." *Ex parte Duffy,* 607 S.W.2d 507, 514 n. 14 (Tex.Crim. App.1980); *see also Ex parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992).

■ Appellant argues his counsel was ineffective because he failed to object to the prosecutor's argument that appellant had shown no remorse for the crime. Appellant claims the prosecutor's argument constituted an improper comment on his failure to testify at the punishment stage of trial. Appellant testified at the guilt-innocence stage of trial but did not testify at the punishment stage. During the State's closing argument at the punishment stage, the prosecutor stated, in part:

> Protection, how are we going to protect future victims from a person like him? Has he shown any remorse, much regret, much acceptance for what he has done is wrong? Has he even begun to realize the consequences of his action other than being a little frightened here now that he's actually been caught?

■ Commenting on the defendant's failure to testify offends the United States and Texas Constitutions as well as Texas statutory law. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC. ANN. art. 38.08 (Vernon 1979); *Stafford v.*

*State,* 578 S.W.2d 394, 395 (Tex.Crim.App. 1978). A defendant has the Fifth Amendment right against self-incrimination at both the guilt-innocence and punishment stages of trial. *Wilkens v. State,* 847 S.W.2d 547, 553 (Tex.Crim.App.1992), *cert. denied,* 507 U.S. 1005, 113 S.Ct. 1646, 123 L.Ed.2d 268 (1993). Waiver of the privilege at the guilt-innocence stage does not waive the privilege at the punishment stage. *Id.* at 553.

 The right against self-incrimination is violated when the prosecutor's argument is manifestly intended to be, or is of such character that the jury would naturally and necessarily take it to be, a comment on the accused's failure to testify. *Caldwell v. State,* 818 S.W.2d 790, 800 (Tex.Crim.App. 1991), *cert. denied,* 503 U.S. 990, 112 S.Ct. 1684, 118 L.Ed.2d 399 (1992). Language that might be construed as an implied or indirect allusion to the defendant's failure to testify will not necessitate a reversal. *Patrick,* 906 S.W.2d at 491. However, a remark calling the jury's attention to the absence of evidence that only the defendant could personally supply will result in reversal. *Id.* When no testimony exists concerning the defendant's lack of remorse, a comment on his lack of remorse would naturally and necessarily be one on the defendant's failure to testify because only he can testify as to his own remorse. *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Crim.App.1992). If, however, evidence contained in the record supports the comment, there is no error. *Davis v. State,* 782 S.W.2d 211, 223 (Tex.Crim.App.1989), *cert. denied,* 495 U.S. 940, 110 S.Ct. 2193, 109 L.Ed.2d 520 (1990).[2]

 In this case, the State concedes there was no testimony concerning appellant's lack of remorse. Nevertheless, the State argues the prosecutor's remark was not a comment on appellant's failure to testify at the punishment stage but was instead a comment regarding appellant's demeanor when he testified at the guilt-innocence stage of trial. We recognize that a defendant's courtroom demeanor may provide evidence of his lack of remorse so long as the record affirmatively reflects the conduct giving rise to the evidence. *See Hawkins v. State,* 660 S.W.2d 65, 79 (Tex.Crim.App.1983) (comment on defendant's lack of remorse not improper where record showed defendant slept during his trial); *Turner v. State,* 504 S.W.2d 843, 846 (Tex.Crim.App.1974) (comment on defendant's lack of emotion during reading of the verdict held not improper). In this case, however, the State has not cited, nor have we found in the record, any evidence that appellant's demeanor at trial indicated a lack of remorse. Because the record is devoid of any such evidence, the prosecutor's argument was an improper comment on appellant's failure to testify at the punishment stage of the trial. *See Swallow,* 829 S.W.2d at 225–26.

 Having found the argument was improper, we now address whether counsel's failure to object constituted ineffective assistance of counsel. We are well aware that an attorney's performance must be judged by the totality of his representation. *Strickland,* 466 U.S. at 670, 104 S.Ct. at 2056. This does not mean, however, that relief may never be granted because of a single error solely affecting punishment. *See Ex parte Scott,* 581 S.W.2d 181, 182 (Tex.Crim.App. 1979); *Snow v. State,* 697 S.W.2d 663 (Tex. App.—Houston [1st Dist.] 1985, pet. ref'd). The Supreme Court has held:

> A court should keep in mind that the principles we have stated do not establish mechanical rules.... [T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding.... In every case the court should be concerned with whether ... the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.

*Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069.

We believe the adversarial process broke down at the punishment stage of appellant's trial. The prosecutor's comments (1) violated both the United States and Texas Constitutions as well as a mandatory statute; (2) called the jury's attention to the absence of

---

**2.** For example, witnesses may testify as to the defendant's statements and/or conduct that indicate a lack of remorse. *See Davis,* 782 S.W.2d at 222–23 (Tex.Crim.App.1989); *Caldwell,* 818 S.W.2d at 800–01.

evidence that only appellant's testimony could have supplied; and (3) encouraged the jury to consider the exercise of appellant's right not to testify as evidence of the need for greater punishment. The Court of Criminal Appeals has frequently found prosecutorial comments similar to those in this case to require reversal. *See Elkins v. State,* 647 S.W.2d 663, 667 n. 7 (Tex.Crim.App.1983) ("No remorse, nothing whatsoever. He didn't show you anything"); *Dickinson v. State,* 685 S.W.2d 320, 322–24 (Tex.Crim.App. 1984) ("You haven't seen one iota of remorse, one iota of shame"); *see also Johnson v. State,* 611 S.W.2d 649 (Tex.Crim.App.1981); *Koller v. State,* 518 S.W.2d 373, 376 (Tex. Crim.App.1975). We also emphasize that counsel's failure to object to the prosecutor's argument prevented appellant from asserting error on appeal. *See Cockrell,* 933 S.W.2d at 89. Based on these facts, we cannot conclude that counsel rendered reasonably effective assistance during the punishment stage of trial.[3] *See Ex parte Langley,* 833 S.W.2d at 143. We sustain appellant's fourth point of error.

## CONCLUSION

We overrule appellant's first, second, and third points of error. We sustain appellant's fourth point of error regarding counsel's failure to object to the prosecutor's closing argument at the punishment stage of trial. Accordingly, we reverse the judgment of the trial court and remand the case for a new punishment hearing pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon Supp. 1996).

---

**3.** Because we have reversed the case for a new punishment hearing, we need not address appellant's remaining ineffective assistance claim.