NUMBER 13-01-071-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


MICHAEL MCGARITY , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 159th District Court

of Angelina County, Texas.

__________________________________________________________________


O P I N I O N


Before Justices Dorsey, Rodriguez, and Baird (1)

Opinion by Justice Baird


 Appellant was charged in a two count indictment with the offense of aggravated sexual assault. Appellant waived his right
to trial by jury. The trial court convicted appellant of the charged offenses and assessed punishment at twenty-five years
confinement in the Texas Department of Criminal Justice--Institutional Division. Appellant raises four points of error. We
affirm. 

I. Appellant's Statement.

 The first point contends the trial court erred in overruling appellant's motion to suppress his statement, and admitting that
statement into evidence. An appellate court reviews the trial court's ruling whether to exclude evidence under an abuse of
discretion standard. Wilks v. State, 983 S.W.2d 863, 866 (Tex. App.-Corpus Christi 1998, no pet.). The trial court's ruling
will be upheld so long as that decision lies within the zone of reasonable disagreement. Rachal v. State, 917 S.W.2d 799,
807 (Tex. Crim. App. 1996).

 Angelina County Deputy Sheriff Andy Robertson testified that he arrested appellant pursuant to a warrant. Once in
custody and after being twice informed of his legal rights, appellant agreed to give a statement. As appellant told
Robertson what happened, Robertson typed the statement. Appellant subsequently signed the statement in the presence of
Captain Doug Conn. Robertson testified appellant was not forced, threatened, coerced, intimidated or promised probation
to make the statement. Robertson stated that appellant initially denied committing the charged offenses but by the time the
taking of the statement began, appellant "had changed his story completely." After taking the statement, Robertson went
over it with appellant to make sure the statement was exactly as appellant wanted and to permit appellant to remove
anything he did not want from the statement. (2) The statement was subsequently admitted at trial. 

 Appellant argues the words in the statement were not his own but rather were those of Robertson who took the statement. 
This argument is simply not supported by the record. As noted above, the evidence is that as appellant made his statement,
Robertson typed. Appellant was later given the opportunity to review the statement to make sure it read as appellant
wanted. Appellant cites Cruz v. State, 586 S.W.2d 861 (Tex. Crim. App. 1979), for the proposition that in laying the
predicate for admitting a statement the State must establish that the statement was "made by the accused." Id. at 865. But
in Cruz, the statement was made by defense counsel, not the defendant. Whereas in the instant case, the statement was
made by appellant to Robertson. Therefore, Cruz is distinguishable from the case at bar. For these reasons, we find the
trial court's decision to admit appellant's statement falls within the zone of reasonable disagreement. Rachal, 917 S.W.2d
at 807. Therefore, we hold the statement was admissible. The first point of error is overruled.

II. Sufficiency of Evidence.

 The second point of error contends the evidence is insufficient. When we are asked to determine whether the evidence is
legally sufficient to sustain a conviction we employ the standard of Jackson v. Virginia and ask "whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979). Appellant concedes the oral statement of John Doe, a
pseudonym used for the child alleged in the first count of the indictment, establishes the element of anal penetration. 
Appellant argues, however, that evidence was erroneously admitted and should, therefore, not be considered in our
sufficiency analysis. For the reasons stated in part III, infra, we find the outcry statement was admissible. But even if the
statement was not admissible, our law provides that once evidence is admitted, even if admitted erroneously, it may be
considered in determining the sufficiency of the evidence. Rodriguez v. State, 819 S.W.2d 871, 873 (Tex. Crim. App.
1991). Therefore, we find the evidence sufficient to establish the element of anal penetration.

 Appellant next argues that because appellant used the word "possible" in his statement, the evidence is insufficient to
prove the penetration was intentionally or knowingly done. The mens rea element is difficult to prove via direct evidence. 
In a contested case, an accused does not often facilitate his own conviction by admitting to having the state of mind
necessary to support the conviction. Thus, circumstantial evidence may be used to prove the required culpable mental state. 
Carlson v. State, 940 S.W.2d 776, 779 (Tex. App.-Austin 1997, pet. ref'd). Intent and knowledge can be inferred from the
conduct of, remarks by, and circumstances surrounding the acts engaged in by the accused. Dues v. State, 634 S.W.2d 304,
305 (Tex. Crim. App. 1982); Parramore v. State, 853 S.W.2d 741, 745 (Tex. App.-Corpus Christi 1993, pet. ref'd). In the
instant case, we conclude that a trier of fact could draw the rational inference from John Doe's outcry statement, the
medical evidence and appellant's statement that the anal penetration of John Doe, a three year old male, was intentionally
and knowingly done by appellant.

 For these reasons, we find the evidence legally sufficient to support the trial court's verdict. The second point of error is
overruled.

III. Outcry Statement.

 The third point of error contends the trial court erred in admitting the hearsay statement of John Doe. The fourth point of
error contends trial counsel was ineffective for failing to object to the statement. As both of these arguments are predicated
on the State's non-compliance with section 2 of article 38.072 of the Texas Code of Criminal Procedure, we will address
them jointly in this opinion. (3)

 Since the filing of appellant's brief, the Angelina County District Clerk has supplemented the appellate record with a
document entitled "Notice of Hearsay Statement Child Abuse Victim." The certificate of service thereon states a copy of
the document was served on trial counsel on September 13, 2000. Appellant's trial occurred December 18, 2000. After
reviewing the document we find the State complied with section 2 of article 38.072. (4) Accordingly, we hold the trial court
did not err in admitting the complainant's statement. We further hold, therefore, that counsel was not ineffective for failing
to object to the statement. Counsel is not be deficient for failing to take an action which had no legal basis. Oliva v. State,
942 S.W.2d 727, 732 (Tex. App.-Houston [14th Dist.] 1997), pet. dism'd, 991 S.W.2d 803 (Tex. Crim. App. 1998). The
third and fourth points of error are overruled.



 The judgment of the trial court is affirmed.



 

CHARLES BAIRD,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 25th day of October, 2001.

1. Former Justice Charles Baird assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. The statement reads as follows:



 Approx. three months ago, I was taking a bath with [John Doe], [John] is my ex-girlfriend[']s son. [John] was jumping
around in the tub and landed in my lap. I don't remember, but it is possible that my penis entered his anus. I just don't
remember. When me and [John] got out of the tub, it is possible that my penis went into [John's] mouth. I don't remember
for sure but it is a good possibility that happened. I have not been naked around [John] at any other time. Approx. three
weeks [ago] my finger did enter my daughter, [Jane Doe's] anus and vagina. It was an accident that occurred while
cleaning her diaper. This has also happened in the past.

3. Texas Code of Criminal Procedure, article 38.072, section 2 provides:



 (a) This article applies only to statements that describe the alleged offense that:

 (1) were made by the child against whom the offense was allegedly committed; and

 (2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement
about the offense.

 (b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule
if:

 (1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

 (A) notifies the adverse party of its intention to do so;

 (B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

 (C) provides the adverse party with a written summary of the statement;

 (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the
time, content, and circumstances of the statement; and

 (3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

4. Appellant has not supplemented his brief to argue to the contrary.