NO. 07-01-0159-CR
 


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 23, 2002


______________________________



WALLACE RICHMOND
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 179th DISTRICT COURT OF HARRIS COUNTY;



NO. 866460; HON. ROBERT JONES, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant Wallace Richmond was convicted of the offense of murder and sentenced
to life in prison. He appeals, contending that 1) the trial court erred by admitting character
evidence about the victim during the guilt-innocence phase of the trial and 2) the
prosecutor impermissibly commented on appellant's failure to testify when the prosecutor
objected to the closing argument of appellant's counsel. We affirm the conviction. 

 Background

 On August 7, 1995, appellant was riding a city bus in Houston. He apparently
became agitated when a passenger stepped on his foot after entering the bus, and he
began to complain about people disrespecting him. At a later stop, the victim climbed onto
the bus and, as he was standing at the front of the bus putting his bus pass away,
appellant made the comment, "Get off my feet. I'm sick of y'all stepping on my feet." 
Appellant then pulled a knife and stabbed the passenger in the chest. Upon seeing this,
other passengers on the bus restrained appellant until the police arrived. The victim later
died from his wound. 

Issue One - Admission of Victim Character Evidence

 In his first issue, appellant complains that the trial court erred in allowing the victim's
mother to present testimony about the victim's character during the guilt-innocence phase
of the trial. We overrule the issue.

 The exchange in question began when the State asked the witness: "Can you tell
us what type of a person he was?" At that point, appellant objected, asserting that the
evidence was "irrelevant." The objection was overruled. As can be seen, appellant said
nothing of the evidence being impermissible "character" evidence when he generally urged 
that the information was "irrelevant." Nor does the context of the exchange reveal that the
trial court understood that appellant questioned admission of the evidence because it
purportedly tended to evince the victim's character. This is fatal since an objection must
be made with sufficient specificity to apprise the trial court of the specific ground of
complaint, unless that ground is apparent from the context. TEX. R. APP. P. 33.1(a)(1);
Aguilar v. State, 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). Here, appellant's general
objection on the basis of relevance does not comport with this rule. Consequently, he
failed to preserve the complaint he now asserts on appeal. 

 Issue Two - Comment on Failure to Testify

 By way of his second issue, appellant contends that an objection made by the State 
during his closing argument was a comment on his failure to testify. We overrule this issue
as well.

 The contested exchange is as follows:

 Defense Counsel: . . . I mean, he's on a crowded bus, and he stabs this
man in front of a bus with four witnesses around, then acts surprised that people are trying to restrain him. I mean, think about that. I mean, he doesn't think he's done anything wrong. 


 Prosecutor: Judge, I'm going to object to that as a comment on the
defendant's failure to testify.


 Court: That will be sustained.


After the court sustained the prosecutor's objection, counsel for appellant continued with
his summation. He said nothing about the prosecutor's action. So, having remained silent
below, appellant waived the complaint on appeal. TEX. R. APP. P. 33.1 (a)(1); Oliva v.
State, 942 S.W.2d 727, 735 (Tex. App.-Houston [14th Dist.] 1997, pet. dism'd) (stating that
alleged error concerning the prosecutor's comment upon the defendant's failure to testify
was waived when trial counsel failed to object to the comment).

 Accordingly, we affirm the judgment of the trial court. Pursuant to Rule 2 of the
Rules of Appellate Procedure and in order to expedite the decision, we suspend the 


operation of Rule 39.9 of the Rules of Appellate Procedure to permit submission of the
case prior to the expiration of the 21-day notice provided for in that rule. 

 

 Brian Quinn

 Justice


Do not publish.



 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX.
GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).



e="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00077-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



JULY
20, 2010

 



 

STEFAN KLIMAJ, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 1
OF LUBBOCK COUNTY;

 

NO. 2008-449,836; HONORABLE LARRY B. "RUSTY" LADD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

ON MOTION TO DISMISS

 

Appellant Stefan Klimaj
has filed a motion to dismiss his appeal and a document entitled Withdrawal of
Notice of Appeal.  By the latter
document, appellant prays for dismissal of his appeal.  Both documents are signed by appellant and
his attorney.  Tex. R.
App. P. 42.2(a).  

No decision of this court having been
delivered to date, we grant the motion to dismiss.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained
and our mandate will issue forthwith.

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not
publish.