NO. 07-01-0159-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 23, 2002
_____

WALLACE RICHMOND,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 179th DISTRICT COURT OF HARRIS COUNTY;

NO. 866460; HON. ROBERT JONES, PRESIDING
_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

Appellant Wallace Richmond was convicted of the offense of murder and sentenced to life in prison. He appeals, contending that 1) the trial court erred by admitting character evidence about the victim during the guilt-innocence phase of the trial and 2) the prosecutor impermissibly commented on appellant's failure to testify when the prosecutor objected to the closing argument of appellant's counsel. We affirm the conviction.

### *Background*

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

On August 7, 1995, appellant was riding a city bus in Houston.  He apparently became agitated when a passenger stepped on his foot after entering the bus, and he began to complain about people disrespecting him.  At a later stop, the victim climbed onto the bus and, as he was standing at the front of the bus putting his bus pass away, appellant made the comment, "Get off my feet. I'm sick of y'all stepping on my feet." Appellant then pulled a knife and stabbed the passenger in the chest.  Upon seeing this, other passengers on the bus restrained appellant until the police arrived.  The victim later died from his wound.

### Issue One - Admission of Victim Character Evidence

In his first issue, appellant complains that the trial court erred in allowing the victim's mother to present testimony about the victim's character during the guilt-innocence phase of the trial.  We overrule the issue.

The exchange in question began when the State asked the witness:  "Can you tell us what type of a person he was?"  At that point, appellant objected, asserting that the evidence was "irrelevant."  The objection was overruled.  As can be seen, appellant said nothing of the evidence being impermissible "character" evidence when he generally urged that the information was "irrelevant."  Nor does the context of the exchange reveal that the trial court understood that appellant questioned admission of the evidence because it purportedly tended to evince the victim's character.  This is fatal since an objection must be made with sufficient specificity to apprise the trial court of the specific ground of complaint, unless that ground is apparent from the context.  TEX. R. APP. P. 33.1(a)(1); *Aguilar v. State,* 26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000).  Here, appellant's general

2

objection on the basis of relevance does not comport with this rule. Consequently, he failed to preserve the complaint he now asserts on appeal.

### Issue Two - Comment on Failure to Testify

By way of his second issue, appellant contends that an objection made by the State during his closing argument was a comment on his failure to testify. We overrule this issue as well.

The contested exchange is as follows:

Defense Counsel: . . . I mean, he's on a crowded bus, and he stabs this man in front of a bus with four witnesses around, then acts surprised that people are trying to restrain him. I mean, think about that. I mean, he doesn't think he's done anything wrong.

Prosecutor: Judge, I'm going to object to that as a comment on the defendant's failure to testify.

Court: That will be sustained.

After the court sustained the prosecutor's objection, counsel for appellant continued with his summation. He said nothing about the prosecutor's action. So, having remained silent below, appellant waived the complaint on appeal. TEX. R. APP. P. 33.1 (a)(1); *Oliva v. State*, 942 S.W.2d 727, 735 (Tex. App.–Houston [14th Dist.] 1997, pet. dism'd) (stating that alleged error concerning the prosecutor's comment upon the defendant's failure to testify was waived when trial counsel failed to object to the comment).

Accordingly, we affirm the judgment of the trial court. Pursuant to Rule 2 of the Rules of Appellate Procedure and in order to expedite the decision, we suspend the

operation of Rule 39.9 of the Rules of Appellate Procedure to permit submission of the case prior to the expiration of the 21-day notice provided for in that rule.

Brian Quinn
Justice

Do not publish.