NO. 07-07-0480-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 15, 2008


______________________________



IN RE ROB L. NEWBY, RELATOR


_______________________________




Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

ORDER OF ABATEMENT


 On November 27, 2007, Relator Rob L. Newby, acting pro se, filed a petition for writ
of mandamus seeking an order compelling the Honorable David McCoy, then judge of the
100th judicial district court, to rule on various pending motions. On November 30, 2007,
Judge McCoy was indefinitely suspended from office by the State Commission for Judicial
Conduct. In his absence, Senior District Judge John T. Forbis was appointed to preside
over the 100th district court. 

 Acting on our own motion, in an order of December 14, 2007, we determined that
Rule 7.2 applied in this proceeding and required in the face of Judge McCoy's indefinite
suspension the substitution of Judge Forbis as respondent. (1) See Tex. R. App. P. 7.2(a),
(b). We, therefore, ordered the substitution of Judge Forbis as respondent, abated the
proceeding, and directed relator to bring to the trial court's attention by pleading the
matters on which he sought a ruling.

 On March 3, 2008, relator filed in this court an amended petition for writ of
mandamus. The appendix of the amended petition contained a document denominated
"Motion Seeking a Ruling." This was apparently a copy of the pleading relator filed in the
trial court in response to the directive in our order of December 14. According to relator's
pleading, the motions before the trial court upon which he seeks a ruling are: (1) "Motion
Requesting Issuance of Citation and Service of Process," which relator asserts was filed
February 2, 2007; (2) "Motion to Recuse," which relator asserts was filed August 15, 2007;
and (3) "Motion for Appointment of Counsel," which relator asserts was filed October 17,
2007.

 This court, on its own motion, takes judicial notice that since our order of December
14 Judge McCoy has resigned as judge of the 100th judicial district court and, on March
18, 2008, Governor Perry appointed the Honorable Stuart Messer judge of that court. 
Judge Messer has taken office. (2)

 We again look to Rule 7.2 and order Judge Messer substituted as respondent in this
proceeding. We abate this proceeding for sixty days from the date of this order so that
Judge Messer may consider the pleadings on which relator seeks a ruling. Tex. R. App.
P. 7.2(b). Relator shall obtain a ruling or documentation of the court's refusal to rule and
amend his petition and appendix in this court accordingly. The clerk of this court shall
provide Judge Messer a copy of our December 14 order and relator's amended petition for
writ of mandamus filed in this court on March 3, 2008.

 It is so ordered.

 Per Curiam

1. Rule 7 of the rules of appellate procedure pertains to the substitution of parties in
pending appeals and original proceedings. Tex. R. App. P. 7. In part, rule 7.2 provides
that during an original proceeding against a public officer in an official capacity, if the officer
ceases to hold office, the officer's successor is automatically substituted as a party and
"the court must abate the proceeding to allow the successor to reconsider the original
party's decision." Tex. R. App. P. 7.2(a), (b); see In re Whitfield, 134 S.W.3d 314, 315
(Tex.App.-Waco 2003, orig. proceeding).
2. A court of appeals may take judicial notice of a fact even though the fact was not
judicially noticed by the trial court. Office of Pub. Util. Counsel v. Pub. Util. Comm'n of
Texas, 878 S.W.2d 598, 600 (Tex. 1994); Tex. R. Evid. 201. The facts noticed, that Judge
McCoy has resigned as district judge and has been replaced by Judge Messer, are not
subject to reasonable dispute. See City of Houston v. Todd, 41 S.W.3d 289, 301
(Tex.App.-Houston [1st Dist.] 2001 pet. denied) (judicial notice appropriate for facts that
are, inter alia, well-known or easily ascertainable); Tex. R. Evid. 201(b)(1). Before taking
judicial notice of these facts we considered a report posted on the website of the Governor
of Texas, http://www.governor.state.tx.us/divisions/press/appointments/Appointment.
2008-03-18.4427. 


nt contends that an objection made by the State 
during his closing argument was a comment on his failure to testify. We overrule this issue
as well.

 The contested exchange is as follows:

 Defense Counsel: . . . I mean, he's on a crowded bus, and he stabs this
man in front of a bus with four witnesses around, then acts surprised that people are trying to restrain him. I mean, think about that. I mean, he doesn't think he's done anything wrong. 


 Prosecutor: Judge, I'm going to object to that as a comment on the
defendant's failure to testify.


 Court: That will be sustained.


After the court sustained the prosecutor's objection, counsel for appellant continued with
his summation. He said nothing about the prosecutor's action. So, having remained silent
below, appellant waived the complaint on appeal. TEX. R. APP. P. 33.1 (a)(1); Oliva v.
State, 942 S.W.2d 727, 735 (Tex. App.-Houston [14th Dist.] 1997, pet. dism'd) (stating that
alleged error concerning the prosecutor's comment upon the defendant's failure to testify
was waived when trial counsel failed to object to the comment).

 Accordingly, we affirm the judgment of the trial court. Pursuant to Rule 2 of the
Rules of Appellate Procedure and in order to expedite the decision, we suspend the 


operation of Rule 39.9 of the Rules of Appellate Procedure to permit submission of the
case prior to the expiration of the 21-day notice provided for in that rule. 

 

 Brian Quinn

 Justice


Do not publish.



 


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX.
GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).