Opinion issued December 3, 2009













 

 



 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00453-CR

____________


EMANUELL GLENN RANDOLPH, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 268th Judicial District Court of

Fort Bend County, Texas

Trial Court Cause No. 46241






MEMORANDUM OPINION


 A jury convicted appellant, Emanuell Randolph, of aggravated robbery,
assessing punishment at nine years' confinement. Appellant contends that reversible
error resulted in the punishment phase from the prosecution improperly referring to
appellant's failure to testify during the punishment phase of the trial after having
testified during the guilt/innocence phase of the trial. We withdraw our earlier
opinion, issued November 17, 2009, and substitute this opinion in its place. Our
judgment remains unchanged. We sustain appellant's issue and reverse the trial
court's judgment. We remand the cause to the trial court for a new punishment
hearing.

FACTS


 On February 10, 2007, Jose Ventura arrived at his home in Fort Bend County
where he was confronted by appellant, who demanded money and pointed a gun at
Ventura's face. When Ventura stated that he did not have any money, appellant fled. 
Ventura and his wife, Cynthia, called the police and gave police a description of
appellant. Police officers then arrested appellant at a nearby fast food restaurant. 
The police brought appellant to an area near the Ventura home. There, the Venturas
separately identified appellant as the gunman. 

 Appellant testified during the guilt-innocence stage of trial that he was not the
perpetrator of the crime, and that he was home watching football when the crime
occurred. He testified further that he had walked to the restaurant directly from his
home prior to his arrest. Following the jury's guilty verdict, the appellant did not
testify during the punishment stage. In its final argument, the State argued that
appellant not taken responsibility for the crime. Counsel for appellant objected that
the prosecutor was commenting on appellant's failure to testify at the punishment
phase, but his objection was overruled. 

 ANALYSIS


 The Texas Code of Criminal Procedure specifically prohibits a prosecutor from
referring to a defendant's failure to testify. Article 38.08 provides that:

 Any defendant in a criminal action shall be permitted to testify in his
own behalf therein, but the failure of any defendant to so testify shall not
be taken as a circumstance against him, nor shall the same be alluded to
or commented on by counsel. . . 

Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); see Griffin v. California, 380
U.S. 609, 615, 85 S. Ct. 1229, 1233 (1965); U.S. Const. amend. V; Tex. Const. art.
I, § 10.

 Appellant complains of the following statements made by the prosecutor during
final argument in the punishment stage of the trial:

 [PROSECUTOR]: Well, you heard Mr. Randolph testify during
the guilt/innocence portion of this case and he completely refused
to take responsibility for his actions.

 

 [DEFENSE COUNSEL]: Objection, Judge, this is a comment on
the silence of Mr. Randolph.

 

 [PROSECUTOR]: Judge, it's a comment on his alibi story that he
gave that this jury did not believe.

 

 [THE COURT]: This was the statement that was made during the
other phase of the trial. It is allowed. You may continue.

 

 [PROSECUTOR]: You heard from him, you heard his version
and you dismissed it by finding him guilty. He has not taken
responsibility for this crime -

 

 [DEFENSE COUNSEL]: Objection, a comment on his silence in
the punishment phase. 

 

 [PROSECUTOR]: Judge, he hasn't remained silent, he testified.

 

 [THE COURT]: He testified, that's correct, and the jury heard the
testimony and the jury can draw whatever conclusion they wish.
You may continue.

 

 [PROSECUTOR]: As I said, probation is a privilege and not a
right. Because of what you have heard from the defendant during
the guilt/innocence, he does not deserve probation.

 There are four permissible areas of jury argument: summation of the evidence,
reasonable deductions from the evidence, an answer to an argument by opposing
counsel, or a plea for law enforcement. Hughes v. State, 878 S.W.2d. 142, 157-58
(Tex. Crim. App. 1992); Moody v. State, 827 S.W.2d 875, 894 (Tex. Crim. App.
1992). When addressing a complaint of improper comments on a defendant's refusal
to testify, we review the language from the standpoint of the jury. Staley v. State, 887
S.W.2d 885, 895 (Tex. Crim. App. 1994); Swallow v. State, 829 S.W.2d 223, 225
(Tex. Crim. App. 1992). The fact that the language might be construed as an implied
or indirect allusion to a defendant's failure to testify is not sufficient. Staley, 887
S.W.2d at 895. However, when argument points to a lack of evidence that only the
defendant personally can supply, the Court of Criminal Appeals has held it to be
error. Swallow, 829 S.W.2d at 225. 

 In Swallow, the defendant testified of his innocence during the guilt-innocence
stage, but not during the punishment stage. Id. at 224-25. The prosecutor made the
following argument at the punishment stage concerning the type of person who would
be worthy of an "average" punishment within the statutory range:

 First, it would be someone who was minimally intoxicated, mildly
intoxicated, lower on the scale intoxicated. Next would be
someone who was young, if you consider the purposes of a
punishment hearing. Somebody who was younger. Someone who
was a first offender, a perfectly clean record. Someone who made
a mistake for the first time. Somebody who was remorseful for
their actions. Someone who admits error.


Id. at 225. The Court of Criminal Appeals found that while this statement clearly
alluded to the defendant's testimony during the guilt-innocence stage of the trial, it
just as clearly alluded to his failure to testify during the punishment stage: 

 [The comments] just as necessarily called the jury's attention to the fact
that, once it had rejected his testimony at the guilt phase, appellant failed
to take the stand at punishment and provide that testimony which would
have been antithetical to his posture at the guilt stage, viz: that he was
in fact guilty and was sorry for what he had done. . . . It is not an
either/or situation. The comment necessarily alluded to both. To the
extent it alluded to the latter, it was error. 


Id. at 226. The Court remanded the cause for a determination of harm. Id. 

 In the instant case, the prosecutor's first comment related to the guilt-innocence
portion of the trial and was not a comment on appellant's failure to testify. However,
the prosecutor's second comment that, "[y]ou heard from him, you heard his version
and you dismissed it by finding him guilty. He has not taken responsibility for this
crime," is no different than the comment confronted by the court in Swallow. Like
the prosecutor in Swallow, here the prosecutor argued that once having been found
guilty by the jury, appellant had "not taken responsibility for this crime." This was
error as it constitutes a comment on appellant's silence during the punishment phase.

 The Dallas Court of Appeals has also confronted this issue within a similar set
of facts. In Sauceda v. State, 859 S.W.2d 469 (Tex. App.--Dallas 1993, pet. ref'd),
the defendant testified during the guilt-innocence stage, but elected to remain silent
during the punishment stage. Id. at 473. During closing argument at the punishment
phase, the prosecutor stated: "Did he once express any sorrow to you for what he had
done? Did he say, I knew it was terrible. I should not have been doing it?" Id. Upon
the defendant's objection, the prosecutor asserted that the comments were meant to
refer back to defendant's testimony during the guilt-innocence stage. Id. Relying on
Swallow, the Dallas court held that the comments clearly alluded to both the
defendant's testimony during the guilt-innocence phase and to his failure to testify
during the punishment phase; to the extent of the latter, the comments were held to
be improper. Id. at 475. The cause was remanded for a new punishment hearing. Id. 
Following the holdings in Swallow and Sauceda, we hold that the trial court erred in
failing to sustain the objection to the prosecutor's comments. 

 Having found error, we must next determine the degree of harm. If the
appellate record in a criminal case reveals constitutional error that is subject to
harmless error review, we must reverse a judgment of conviction or punishment
unless we determine beyond a reasonable doubt that the error did not contribute to the
conviction or punishment. Tex. R. App. Proc. 44.2(b). Rule 44.2(b) requires this
Court to focus on the error and determine whether it contributed to the punishment.
Harris v. State, 790 S.W.2d 568, 585 (Tex. Crim. App. 1989) (citing former Tex. R.
App. Proc. 81(b)(2)). A reviewing court in applying the harmless error rule should
not focus upon the propriety of the outcome of the trial. Id. at 587. Instead, an
appellate court should be concerned with the integrity of the process leading to the
conviction. Id. Consequently, the court should examine the source of the error, the
nature of the error, whether or to what extent it was emphasized by the State, and its
probable collateral implications. Id. We are required to focus not on the weight of the
other evidence, but rather on whether the error at issue might possibly have
prejudiced the jurors' decision-making. Id. at 587-88.

 As previously noted, the source of the error was the prosecutor's comment
during the punishment phase that, "[Appellant] has not taken responsibility for this
crime." The nature of this error is such that it violated mandatory constitutional and
statutory protections. Commenting on the defendant's failure to testify offends the
United States and Texas Constitutions as well as Texas statutory law. See U.S.
Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08
(Vernon 2005); Stafford v. State, 578 S.W.2d 394, 395 (Tex. Crim. App. 1978). A 
defendant has the Fifth Amendment right against self-incrimination at both the guilt-innocence and punishment states of trial. Wilkens v. State, 847 S.W.2d 547, 553
(Tex. Crim. App. 1992). Waiver of the privilege at the guilt-innocence stage does not
waive the privilege at the punishment stage. Id.

 The right against self-incrimination is violated when the prosecutor's argument
is manifestly intended to be, or is of such character that the jury would naturally and
necessarily take it to be, a comment on the accused's failure to testify. Caldwell v.
State, 818 S.W.2d 790, 800 (Tex. Crim. App. 1991). Language that might be
construed as an implied or indirect allusion to the defendant's failure to testify will
not necessitate a reversal. Dickinson v. State, 658 S.W.2d 320, 323 (Tex. Crim. App.
1984). However, a remark calling the jury's attention to the absence of evidence that
only the defendant could personally supply will result in reversal. Owen v. State, 656
S.W.2d 452 (Tex. Crim. App. 1983) When no testimony exists concerning the
defendant's lack of remorse, a comment on his lack of remorse would naturally and
necessarily be one on the defendant's failure to testify because only he can testify as
to his own remorse. Swallow, 829 S.W.2d at 225; Thomas v. State, 638 S.W.2d 481,
484 (Tex. Crim. App. 1982); Cacy v. State, 901 S.W.2d 691, 704 (Tex. App.--El
Paso 1995, pet. ref'd). If, however, evidence contained in the record supports the
comment, there is no harmful error. Davis v. State, 782 S.W.2d 211, 222-23 (Tex.
Crim. App. 1989).

 Upon reviewing the record, we find no evidence supporting the State's
comment. The only testimony during the punishment phase came from two
witnesses. First, Cynthia Ventura testified for the State regarding the impact the
crime had on her family's life. Second, appellant's brother testified for the defense
requesting that the jury show mercy to appellant in its sentencing. Because no
testimony existed concerning appellant's lack of remorse, the State's comment that 
"[Appellant] has not taken responsibility for this crime," necessarily is a comment on
the defendant's failure to testify during the punishment phase. Oliva v. State, 942
S.W.2d 727, 734 (Tex. App.--Houston [14th Dist.] 1997).

 Next, we analyze the degree to which the defendant's failure to testify was
emphasized by the State. The prosecutor noted initially, "Well, you heard Mr.
Randolph testify during the guilt/innocence portion of this case and he completely
refused to take responsibility for his actions." After the trial court overruled defense
counsel's objection, the prosecutor continued, "You heard from him, you heard his
version and you dismissed it by finding him guilty. He has not taken responsibility
for this crime . . ." Following defense counsel's second objection, the prosecutor
concluded, "Because of what you have heard from the defendant during the
guilt/innocence, he does not deserve probation." Based on these statements, the
prosecution emphasized that the defendant's worthiness for probation was contingent
upon his failure to express remorse during the punishment phase of trial. Thus, we
find that the prosecutor emphasized appellant's failure to testify.

 Moreover, there was no attempt to cure the prejudicial effect of the
prosecutor's comments in the present case, because the trial court overruled
appellant's objection to the comments without any limiting instruction. We note that,
prior to closing argument during the punishment phase, the trial court orally
instructed the jury, "the Court previously instructed you that the defendant never has
to testify in a case if he chooses not to do so and he didn't testify in this punishment
phase of the case. You are not to consider that in any manner during the time you are
deliberating on the punishment phase of the case." This instruction was not included
in the trial court's written charge, despite the defendant's request. If a defendant
properly requests or timely objects, he is entitled to a jury instruction that his failure
to testify cannot be taken as a circumstance against him. Michaelwicz v. State, 186
S.W.3d 601, 622 (Tex. App.--Austin 2006, pet. ref'd). The trial court's oral
instruction was not sufficient to cure the prejudicial effect of the prosecutor's
comments regarding the defendant's failure to testify because it was not given at the
time the prosecutor's comments were made. 

 Finally, we examine the collateral implications of the error. We note that even
if appellant's objection had been sustained and the jury instructed to disregard the
comment, the adverse effect of prosecutorial comment on an accused's failure to
testify is not always cured by an instruction to disregard. See Montoya v. State, 744
S.W.2d 15, 37 (Tex. Crim. App. 1987); Sauceda, 859 S.W.2d at 474-75; Lopez v.
State, 793 S.W.2d 738, 741 (Tex. App.--Austin 1990); Searcy v. State, No. 03-96-00314-CR, 1997 WL 689010, at *4 (Tex. App.--Austin Nov. 6, 1997, no pet.). For
instance, in Cacy v. State, the prosecutor stated during argument at the punishment
stage of trial, "I've always heard that the first step to rehabilitation is for the person
who needs it . . . to come forward and ask for it." 901 S.W.2d at 703. Citing Harris,
the Cacy court concluded that the error prejudiced the jurors' decision-making and
was of a magnitude that it disrupted the jurors' orderly evaluation of the evidence. 
The court determined that "[a]bsent even the inadequate measure of an instruction to
disregard, we cannot conclude beyond a reasonable doubt that the error made no
contribution to the punishment." Id. at 704. Consequently, the court remanded the
cause to the trial court for a new punishment hearing. Id. See also Owen, 656 S.W.2d
at 459 (holding mistrial should have been granted when prosecutor argued during
punishment, after defendant testified in guilt-innocence, "the first step in
rehabilitating somebody, the first step in granting somebody probation is for him to
at least say he is sorry for what happened."); Oliva, 942 S.W.2d at 734 (holding
penalty argument asking whether defendant has shown any remorse was prohibited
comment on defendant's failure to testify at penalty phase where defendant had
testified during guilt-innocence; failure to object was ineffective assistance requiring
new penalty hearing.)

 In consideration of all of these factors, we cannot say beyond a reasonable
doubt that the error here did not contribute to the sentence received. Therefore,
appellant's first issue is sustained. 

CONCLUSION


 We reverse the trial court's judgment on the punishment phase of the trial. We
remand the cause to the trial court for a new trial on punishment. 

 


 



 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Bland and Massengale.



Do not publish. Tex. R. App. P. 47.2(b)