ACCEPTED
07-15-00067-cr
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
11/4/2015 2:49:50 PM
Vivian Long, Clerk

NOS. 07-15-00067-CR & 07-15-00068-CR

STATE REQUESTS
ORAL ARGUMENT
ONLY IF APPELLANT
REQUESTS ARGUMENT

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
11/4/2015 2:49:50 PM
VIVIAN LONG
CLERK

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JEREMY EDWARD SUSTAITA,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 181ST DISTRICT COURT
CAUSE NOS. 67,370-B & 68,439-B
POTTER COUNTY, TEXAS
HONORABLE JOHN BOARD, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE'S BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RANDALL SIMS, DISTRICT ATTORNEY
KATHERINE L. LEVY, SBN 12266480
Assistant District Attorney
501 S. Fillmore, Suite 5A
Amarillo, Texas  79101
(806) 379-2325; (806) 379-2823 fax
kathylevy@co.potter.tx.us

ATTORNEYS     FOR     THE     STATE

**TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS……………………………………………………..…i

LIST OF AUTHORITIES………………………………………………....ii

THE CASES IN BRIEF…………………………………………………...…1

STATEMENT OF THE CASES..…………………………………………….2

STATEMENT OF FACTS………………………………………………...3-12

SUMMARY OF THE ARGUMENTS……………………………………12

ARGUMENT……………………………………………………13-24

**RESPONSIVE POINT ONE (TO APPELLANT'S "ISSUE ONE"):**

The argument in this case does not warrant reversal.............................13-18

I.      Appellant's Contentions……………………………………..13
II.     Summary of the State's Response…………………………...13
III.    Argument and Authorities…………………………….…13-18

**RESPONSIVE POINT TWO (TO APPELLANT'S "ISSUE TWO"):**

Appellant received effective assistance of counsel……………………18-24

I.      Appellant's Contentions……………………………………....18-19
II.     Summary of the State's Response…………………………...19
III.    Argument and Authorities………………………………19-24

CONCLUSION AND PRAYER……………………………………….....25

CERTIFICATE OF SERVICE…………………………………………...25-26

CERTIFICATE OF COMPLIANCE…………………………………..…26

# LIST OF AUTHORITIES

PAGE

CASE LAW

**Berry v. State**, 233S.W.3d 847, 858-59 (Tex.Crim.App. 2007)……………..14, 20

**Cockrell v. State**, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996)……………………15

**Ex parte Martinez**, 195 S.W.3d 713, 730 (Tex.Crim.App. 2006)………………..20

**Ex parte White**, 160 S.W.3d 46, 53-54 (Tex.Crim.App. 2004)…………………..20

**Grado v. State**, 445 S.W.3d 736, 741 (Tex.Crim.App. 2014)……………..……..16

**Hernandez v. State**, 726 S.W.2d 53, 55-57 (Tex.Crim.App. 1986)……………..20

**Lopez v. State**, 725 S.W.2d 487, 490 (Tex.App.—Corpus Christi 1987, no pet.)…………………………………………………………………………17, 24

**Marin v. State**, 851 S.W.2d 275 (Tex.Crim.App. 1993), *overruled on other grounds by* **Cain v. State**, 947 S.W.2d 262 (Tex.Crim.App. 1997)……………...16

**Mathis v. State**, 67 S.W.3d 918, 927 (Tex.Crim.App. 2002)……………………..15

**McFarland v. State**, 989 S.W.2d 749, 751 (Tex.Crim.App. 1999)…………..…….23

**Mosley v. State**, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998)…………….…..17

**Oliva v. State**, 942 S.W.2d 727, 733-34 (Tex.App.—Houston [14th Dist.] 1997, pet. dism'd)……………………………………………………..…....22-23

**Robertson v. State**, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006)………………20

**Rylander v. State**, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003)…………..…24

**Smith v. State**, 286 S.W.3d 333, 340-43 (Tex.Crim.App. 2009)………………...21

**Strickland v. Washington**, 466 U.S. 668, 687-95, 104 S.Ct. 2052, 2064-69, 80 L.Ed.2d 674 (1984)…………………………………………………………20, 24

**Threadgill v. State**, 146 S.W.3d 654, 666-67, 670 (Tex.Crim.App. 2004)....15, 17

**Tidmore v. State**, 976 S.W.2d 724, 731-32 (Tex.App.—Tyler 1998, pet. ref'd)..15

**Tong v. State**, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000)…………………....20

STATUTORY LAW AND RULES

**Texas Penal Code, section 12.42(d)**……………………………………..…13

**Texas Penal Code, section 12.44(a)**…………………………………………5, 8

**Texas Rule of Appellate Procedure 9.4(i)(3)**…………………………………...26

**Texas Rule of Appellate Procedure 33.1(a)**……………………………………15

**Texas Rule of Appellate Procedure 44.2(b)**……………………………...14, 20

NOS. 07-15-00067-CR & 07-15-00068-CR

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS
*************************************************************************
JEREMY EDWARD SUSTAITA,
Appellant,
VS.
THE STATE OF TEXAS,
Appellee.
*************************************************************************

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellee, the State of Texas ("State"), and submits its Brief in response to the Brief of Appellant, Jeremy Edward Sustaita ("appellant"), in the above entitled and numbered appeal. Appellant was twice convicted of possession of a controlled substance, methamphetamine, enhanced, in the 181st Judicial District Court of Potter County, Texas, the Honorable John Board, Presiding.

THE CASES IN BRIEF

| | |
|---|---|
| CHARGE #1 | POSS. C.S./METH/4G<200G/ENH. |
| CHARGE #2 | POSS. C.S./METH/1G<4G/ENH. |
| PLEAS | GUILTY/TRUE |
| VERDICTS (JUDGE) | GUILTY/TRUE |
| PUNISH (JUDGE) #1 | 10 YEARS IN TDCJ-ID |
| PUNISH (JUDGE) #2 | 5 YEARS IN TDCJ-ID/CONCURRENT |

1

In the interest of brevity, the State will use the following designations: (1) the Clerk's Record for 67,370-B will be listed as "*CR#1*" and 68,439-B as "*CR#2*" with each followed by page numbers; (2) the consolidated Reporter's Record will be referred to as "*RR*" followed by volume and page numbers.

## STATEMENT OF THE CASES

Appellant appeals his two convictions for possession of a controlled substance, enhanced. *CR#1:28-30; CR#2:33-38* Appellant was charged by indictment from the Potter County Grand Jury for: (1) possession of a controlled substance, methamphetamine, four or more but less than 200 grams, enhanced; and, (2) possession of a controlled substance, methamphetamine, one or more but less than four grams, enhanced. *CR#1:11; CR#2:15* On January 27, 2015, appellant executed written plea papers and entered pleas of "guilty" to both indictments and "true" to the enhancement paragraphs. *CR#1:13-23; CR#2:17-18, 24-30, 32; RR2:7-8* The trial court approved appellant's admonitions, waivers, and judicial confessions. *CR#1:16, 19, 31; CR#2:21-22, 27, 30* There was no agreement on punishment. *CR#1:20; CR#2:31*After hearing testimony and evidence, the judge entered findings and assessed 10 years and five years, respectively, on each case. *CR#1:28-30; CR#2:33-38* Appellant filed Motions for New Trial, Notices of Appeal, and the Trial Court's Certifications of Defendant's Right of Appeal. *CR#1:27, 33, 37, 39-40; CR#2:23, 39-40, 42*

## STATEMENT OF FACTS

To set a context for the State's response, it offers a narrative of proceedings.

*I. Pre-trial Proceedings.* Appellant's first indictment herein reads:

> THE GRAND JURORS for Potter County, Texas, duly organized and sworn as such at the July Term A.D., 2014, of the District Court of the 108th Judicial District, in and for Potter County, Texas, upon their oaths in that Court at that term, present that JEREMY EDWARD SUSTAITA, on or about the 26th day of June, 2013, and before the presentment of this indictment, in Potter County, Texas, did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of four grams or more but less than two hundred grams.

### ENHANCEMENT PARAGRAPH

> And the Grand Jury further presents that before the commission of the primary offense, the defendant was finally convicted of the felony offense of Unlawful Possession of a Firearm by a Felon in cause number 46,904-E of the 108th District Court of Potter County, Texas on the 12th day of August, 2004. *CR#1:11*

Just over six months from the first meth offense, appellant was arrested again on another possession and indicted a second time herein:

> THE GRAND JURORS for Potter County, Texas, duly organized and sworn as such at the July Term A.D., 2014, of the District Court of the 108th Judicial District, in and for Potter County, Texas, upon their oaths in that Court at that term, present that JEREMY EDWARD SUSTAITA, on or about the 3rd day of January, 2014, and before the presentment of this indictment, in Potter County, Texas, did then and there intentionally or knowingly possess a controlled substance, namely, methamphetamine, in an amount of one gram or more but less than four grams. *CR#2:15*

The same enhancement paragraph appears in both indictments. *Id.* In January of 2014, John Terry was appointed to represent appellant. *CR#1:8-9, 12; CR#2:6-7,*

*16* The State filed some discovery items in appellant's second case in February of 2014. *CR#2:8-13* On August 28, 2014, the cases were transferred from the 108th to the 181st Judicial District. *#1CR:10; #2CR:14*

***II. Open Plea Proceedings.*** On January 27, 2015, the following papers were executed in both cases: Application for Community Supervision, Waiver of Jury, Waiver of Preservation of Evidence, and Written Plea Admonishments. *CR#1:13-19, 21-25, 31; CR#2:17-18, 20-22, 24-30, 32* Appellant and the attorneys also noted in writing and at the open plea hearing there was no agreement on punishment in either case. *CR#1:20; CR#2:31; RR2:6*

Appellant's cases were called and the parties announced ready for what the State understood was to be "guilty" and "true" pleas which the defense confirmed. *RR2:6* The trial court took judicial notice of appellant's applications for community supervision and waivers of jury trial. *RR2:6-7* For the first indictment, appellant entered pleas of "guilty" and "true" to the offense and enhancement. *RR2:7-8* The range of punishment was reviewed for the second degree felony enhanced once case: not more than 99 years or less than five years and, in addition, a fine not to exceed $10,000. *CR#1:14; RR2:7* Next, appellant entered pleas of "guilty" and "true" to the second indictment. *RR2:8* The range of punishment was reviewed for the third degree felony enhanced once case: not more than 20 or less than two years and, in addition, a fine not to exceed $10,000.

4

*CR#2:25; RR2:8* Thereafter, the judge went over the admonishments with appellant. *RR2:8-12* Appellant confirmed he had an opportunity to go over the paperwork with his attorney and Mr. Terry answered any questions appellant had about the pleas and the paperwork. *RR2:10* Appellant was the only witness called to testify at this open plea bench hearing. *RR2:12*

***Jeremy Edward Sustaita.*** At trial, appellant was 35 years old. *RR2:13, 26* Appellant acknowledged he was in court for two possession charges and admitted he had other felony convictions besides the one in the indictments. *RR2:13* He had a state jail felony for burglary of a building and also an evading arrest charge for which appellant got a **12.44** sentence reduction. *RR2:13-14, 16* Appellant was using drugs and alcohol at the time of the other felonies. *RR2:15-16, 42-43*

Appellant began using drugs in the fifth grade and cleaned up during his incarcerations and for about five years when he was married and had kids. *RR2:14-15* Appellant relapsed when he separated from his wife. *RR2:16-17* Appellant testified he had never been in trouble for drugs before these two cases. *RR2:17-18* At trial, appellant characterized himself as an addict. *Id.* In prison, he went to NA classes but that was all that was offered and no other programs. *RR2:18* His parole officer mentioned ACADA when he got out of prison but appellant states she never made him go through with it. *Id.*

Defense counsel visited appellant three times at the jail and they discussed everything about appellant's cases. *RR2:19* Appellant testified he did not want to have a jury trial but wanted to go to the judge and get probation. *RR2:19, 22* Defense counsel explained to appellant if he got a sentence over 10 years he could not get probation. *RR2:22* Appellant acknowledged since no deal was in place, he decided to plead "guilty" and ask for leniency and mercy from the trial court. *RR2:19-21* Appellant confirmed his guilt for both possession offenses. *RR2:28* He claims he has never been sent to rehab. *RR2:17-18, 21* Appellant wants the judge to put him on community supervision so he can go to rehab for the first time. *RR2:21* Defense counsel explained SAFPF to appellant and appellant wants to do it. *RR2:21-25* Appellant asked the judge to consider a long-term sentence, probated, with an order for SAFPF and an aftercare program so he can get off drugs. *RR2:22-23* Appellant worked for eight years in spray insulation and would get and keep a job if given probation and help take care of his kids. *RR2:23, 25* He would wear an ankle monitor and do the intensive supervision and submit to urinalysis tests. *RR2:24-25* Appellant wants a shot at rehabilitation and a chance to be successful and not go to prison. *RR2:24-26*

Appellant admits he was approached by law enforcement to assist the drug task force and agreed to do it but then changed his mind. *RR2:20* Appellant was concerned for his family's safety and just wanted to pay for what he had done. *Id.*

Appellant admits he had a set of scales when arrested but claims he used them so he would not get ripped off. *Id.* Appellant acknowledged when arrested on June 26, 2013, he had 8.82 grams of meth which costs a couple of hundred dollars but testified it was all for personal use and the scales were not used for selling to support his habit. *RR2:26-28* When appellant was arrested again on January 3, 2014, he had 2.75 grams of meth on him. *RR2:27-28*

On cross-examination, appellant's prior convictions and probations were reviewed. *RR2:28-32* Appellant admits to using hard drugs about eight years before he was convicted of burglary of a building in 2001. *RR2:28-29* The offense occurred in 1997 and he pled to two years in state jail but his sentence was suspended for four years of felony probation in 1999. *RR2:28-31* Appellant got his probation revoked and then was sentenced to 14 months in a state jail facility. *RR2:29-31; State's Exhibit:1* When appellant got out from state jail, he committed a new offense on December 29, 2002: unlawful possession of a firearm by a felon. *RR2:31-32; State's Exhibit:2A-2B* Appellant pled "guilty" to that offense and got sentenced to seven years, probated for seven years' probation, but violated probation again—partly for injurious habits like using drugs—and was sentenced to seven years prison time on August 12, 2004. *RR2:31-33, 36-37, 42-43; State's Exhibits:2A-2B* Appellant also got revoked because he did not submit to drug and

alcohol evaluation treatment because he knew he would fail. *RR2:43* Besides methamphetamine, appellant has used marijuana and cocaine. *RR2:36-37, 42-43*

When cross-examined about being offered an opportunity to go to SAFPF during appellant's probation for unlawful possession of a firearm, appellant claimed he could not recall it. *RR2:33* Similarly, appellant could not recall he had been offered to go to ACADA while on probation in 2003. *RR2:33-34* If he completed ACADA, appellant testified he would have remembered it but could not remember if he ever went. *RR2:34* Then, appellant admitted he did recall turning down SAFPF when it was offered and that he was referred to ACADA but never went and that was another reason why his probation got revoked. *RR2:34-35* Appellant acknowledged he has already had two felonies and two felony probations. *RR2:35-36, 40* Appellant also got charged with resisting arrest and driving with an invalid license and possession of marijuana. *RR2:35-36* For resisting arrest and driving with an invalid license, he got 240 days in jail. *RR2:36* For possession of marijuana, he got 120 days in jail. *Id.*

After appellant got out of prison for unlawful possession of a firearm, he was arrested and charged in 2008 with felony evading arrest with a vehicle. *RR2:37* Although a state jail felony, appellant got a **12.44(a)** reduction and did nine months in jail, with a $250 fine. *RR2:37-38; State's Exhibit:3* Appellant also got a plea bargain for driving while intoxicated, plead down to a Class A

misdemeanor, and did one year in jail with a $250 fine. *RR2:38-39; State's Exhibit:4* When appellant got out of jail, he had another misdemeanor in 2012 and then got 75 days in jail for violation of a protective order. *RR2:39* While appellant acknowledged he has already had two prior felony probations, he asked the trial court for a third and fourth chance at probation. *RR2:40*

Appellant stated he has a lot of habits, including these 10 criminal cases: (1) burglary of a building; (2) unlawful possession of a firearm by a felon; (3) resisting arrest; (4) driving with license suspended; (5) possession of marijuana; (6) evading arrest with a vehicle; (7) driving while intoxicated; (8) violation of a protective order; (9) possession of controlled substance, enhanced; and, (10) possession of a controlled substance, enhanced. *RR2:40-41, 44* Appellant agreed the phrase habitual offender, or, somebody who makes a habit out of committing crimes, might describe him. *RR2:41, 43-44*

The trial court asked appellant how each recent arrest happened. *RR2:44-47* Appellant stated the drugs from the June 26, 2013, incident were on his person and all in one baggie. *RR2:44-46* On the second arrest, appellant had the drugs on his person in a single baggie. *RR2:46-47* On cross-examination, it was pointed out that the lab report from the first arrest had meth submitted in two bags (6.46 and 2.36 grams) and the lab report for the second arrest had the meth divided up in four

separate bags (.06, .23, 1.12, and 1.25). *RR2:47-48* On defense exam, appellant testified he also carried a syringe with him. *RR2:49*

***Closing Arguments.*** The State argued appellant had already been in and out of court for criminal offenses from age 20 and outlined his eight priors. *RR2:50* The enhanced punishment range for appellant's two latest cases was reviewed: (1) five-to-99 years, with fine up to $10,000; and (2) two-to-20 years with same fine. *Id.* The State argued appellant "doesn't fit what the Code says is a habitual felony offender because of the kinds of felonies" he has had. *RR2:50-51* The State noted appellant's two most recent cases do not fit under the habitual felony offender statute, 25-to-99 years, even though he has 10 criminal cases. *RR2:51*

At this juncture in the proceedings, the State misspoke, the defense interrupted, and the prosecutor apologized and corrected his argument. *RR2:51-52* The State highlighted appellant had been on probation twice for a felony, revoked twice for a felony, and then sentenced to seven years and it made no impression. *RR2:52* For the first degree enhanced case, the State suggested a 20-to-25 year sentence, and, for the other case, 10-to-20 years. *Id.*

The defense began argument by agreeing with the State that appellant did not fit the profile set out in the statutes of one subject to habitual offender punishment. *RR2:53* Defense counsel asked the trial court to treat the cause instead of the symptoms of appellant's addiction and to require treatment and not

10

just lock him up. *RR2:53-55* Since appellant had been an addict for so long, the defense stressed appellant needed rehabilitation and not prison. *Id.* The State's final argument pointed out that appellant repeatedly made the choice to violate the law and that appellant's crimes are not as much drug related as antisocial type of situations. *RR2:55-56*The State argued appellant has had opportunities for treatment in the past but chose not to take them. *Id.*

*Trial Court Rulings.* The trial court accepted appellant's "guilty" and "true" pleas. *RR2:56, 58* Next, the judge commented what both lawyers said was true and that appellant's situation is a difficult one. *RR2:56-57* The criminal history was of concern to the judge since appellant was on his ninth and 10th cases. *RR2:57* The judge mentioned he runs a drug court and knows about addiction; a user amount of meth and a dealer amount. *RR2:53, 57* The trial judge commented he had no doubt appellant was using but also believed that appellant was dealing to support his habit. *RR2:57* The trial court noted probation is for people that deserve a second chance, not a 10th chance, and appellant has had multiple chances. *Id.* In good conscience, the judge stated he did not think appellant's latest cases were appropriate for probation but agreed appellant needs treatment and hopes he gets it someday. *RR2:57-58* Lastly, appellant was sentenced on the low end of the punishment range for each case: (1) for Cause Number 67,370-B,

appellant was assessed 10 years in TDC-ID; and, (2) for Cause Number 68,439-B, appellant was assessed five years in TDCJ-ID, to run concurrent, no fines. *RR2:58*

## SUMMARY OF THE ARGUMENTS

For issue one, argument of counsel during this open plea bench hearing was sufficiently appropriate and appellant's claims of entitlement to reversal are without merit. Moreover, complaints about allegedly improper argument and prosecutorial misconduct were waived, and the right to appellate review thereof forfeited, for lack of objection. Furthermore, as to closing argument, it was made to the trial court as trier of fact rather than before a jury and it is presumed that the judge in such circumstances disregarded any alleged improper argument.

For issue two, appellant's ineffectiveness claim should be denied. Defense counsel's failure to object to the State's misstatement about prior convictions, a mistake which was quickly corrected by the State, can be seen as legitimate trial strategy to avoid overemphasis of appellant's many prior convictions and not as ineffective assistance. When read in context, the error was fixed after defense counsel's "[e]xcuse me" interruption, thus obviating any further challenge necessary to the prosecutor's argument. In sum, the sentences imposed by the trial court were on the lower end of the punishment range for each and appellant has not shown there is a reasonable probability that but for counsel's alleged error that the sentences imposed by the trial court would have been significantly less.

# ARGUMENT

## RESPONSIVE POINT ONE (TO APPELLANT'S "ISSUE ONE"):

The argument in this case does not warrant reversal.

*I.    Appellant's Contentions.*    Appellant contends the State engaged in prosecutorial misconduct when it improperly argued appellant should be punished as a habitual felony offender.  Although appellant encountered the criminal system on multiple occasions, it was impermissible to argue **Texas Penal Code, section 12.42(d)**, applied to appellant.  Accordingly, appellant claims he is entitled to reversal and remand for a new punishment hearing.

*II. Summary of the State's Response.*  As an initial matter, appellant waived for appellate review his challenge to the prosecutor's closing argument statement.  Additionally, when the prosecutor's closing argument is viewed as a whole, the entire argument and not just isolated sentences, the misstatement did not rise to the level of prosecutorial misconduct.  When read in context, the State was simply focused on appellant's many criminal convictions and prior chances at rehab and probation.  Finally, argument was made to bench, rather than to a jury, and the trial judge is presumed to have disregarded any allegedly improper argument.

*III. Argument and Authorities.*  A.  <u>Standard of Review</u>.  When reviewing a prosecutor's comments during closing argument, it is to be kept in mind that "[p]ermissible jury argument generally falls into one of four areas:  (1) summation

13

of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement." **Berry v. State**, 233 S.W.3d 847, 859 (Tex.Crim.App. 2007). If a prosecutor's comments fall outside these permissible categories, one considers three factors in assessing the resulting harm: (1) the severity of the prosecutor's misconduct (i.e., the magnitude of the remarks' prejudicial effect); (2) the measures adopted to cure the misconduct (i.e., the efficacy of any cautionary instruction by the judge); and, (3) the certainty of conviction absent the misconduct (i.e., the strength of the evidence supporting the conviction). **Id.** at 858-59. A prosecutor's impermissible comments are grounds for reversal only if they harm the defendant; that is, affect his substantial rights. **Id.** at 859 (*citing* **TEX. R. APP. P. 44.2(b)**).

B. <u>Relevant Record Excerpts</u>. After outlining appellant's eight prior convictions, the State misspoke as follows:

> STATE: And you know, they once said, you know, you have no way of judging the future except by the past. Well, the past in this case is eight other *felony* convictions before today. Today add two more.
>
> DEFENSE: Excuse me.
>
> STATE: I'm sorry. *Criminal* convictions. I apologize. Yeah, I misstated. Eight other convictions. Three felonies and five misdemeanors and now here we are, two more felonies, the most serious of the bunch. *RR2:51-52 (emphasis added)*

Thereafter, the State argued appellant should not be a candidate for probation again since he was on probation twice before on a felony and revoked twice on a felony

14

and suggested punishment at 20-to-25 years for the first meth case and 10-to-20 years for the second. *RR2:52* Defense counsel's argument then began as follows:

> I agree with Mr. Slaughter. This does not fit the profile set out in the statutes as a habitual offender. It does fit a different profile, that of a drug addict. *RR2:53*

C. <u>Discussion</u>. "[A] defendant's 'right' not to be subjected to incurable erroneous jury arguments is one of those rights that is forfeited by a failure to insist upon it." **Cockrell v. State**, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996); **TEX. R. APP. P. 33.1(a)**. Therefore, a defendant's right to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal. **Cockrell**, 933 S.W.2d at 89; **Tidmore v. State**, 976 S.W.2d 724, 731-32 (Tex.App.—Tyler 1998, pet. ref'd). Since **Cockrell** was decided, the Texas Court of Criminal Appeals has repeatedly reaffirmed its position on this issue in several cases, noting that its position is in line with **Texas Rule of Appellate Procedure 33.1**, which provides that as a prerequisite for presenting a complaint for appellate review, the record must show that the appellant made a "timely request, objection, or motion" in the trial court. *See* **Mathis v. State**, 67 S.W.3d 918, 927 (Tex.Crim.App. 2002) (affirming **Cockrell** as being in line with **Texas Rule of Appellate Procedure 33.1** and the policies "underlying preservation of error"); **Threadgill v. State**, 146 S.W.3d 654, 670 (Tex.Crim.App. 2004) (reaffirming that "**Cockrell** remains the

law," and holding that the appellant had forfeited his right to complain about an allegedly improper argument due to his failure to lodge a timely objection at trial).

In the present case, appellant's complaint about the prosecutor's closing argument falls into the category of forfeitable rights and therefore appellant forfeited his right to complain on appeal about the prosecutor's closing argument. *See* **Grado v. State**, 445 S.W.3d 736, 741 (Tex.Crim.App. 2014); **Marin v. State**, 851 S.W.2d 275 (Tex.Crim.App. 1993), *overruled on other grounds by* **Cain v. State**, 947 S.W.2d 262 (Tex.Crim.App. 1997). Based on the foregoing, appellant should not be heard to complain about the allegedly improper argument on appeal.

It is further critical to note that besides raising no formal objection on any ground to the State's argument, this proceeding was tried before the judge. As noted in the Statement of Facts, appellant elected to have his punishment fixed by the trial judge rather than by the jury. *CR#1:24-25; CR#2:20-21; RR2:6-7, 19, 22* As such, the trial court sat as trier of fact for punishment at appellant's bench trial. Although appellant complains of allegedly improper argument by the prosecutor during closing, the State suggests that merely a misstatement occurred, and as soon as the mistake was brought to the prosecutor's attention by the defense, the argument was promptly corrected. Assuming *arguendo* the misstatement was not pointed out by the defense and immediately fixed by the prosecutor, the trial court was sitting as trier of fact and quite capable of disregarding any improper argument

and is presumed to have done so. *See* **Lopez v. State**, 725 S.W.2d 487, 490 (Tex.App.—Corpus Christi 1987, no pet.). In other words, appellant cannot prevail and obtain reversal on his claim of prosecutorial misconduct by improper argument where the trial court sat as trier of fact rather than a jury. Hereunder, it should be noted that the cases cited in appellant's brief deal with *jury* argument and are generally inapplicable.

To summarize, the initial misstatement by the State was quickly corrected upon interruption by defense counsel. Recognizing his error, the prosecutor apologized and went on to advise the trial court of the proper classification of appellant's prior criminal convictions. From that point forward, the State properly used the term *criminal* convictions versus *felony* convictions in its continued discussion about appellant's history and eight prior convictions. The prosecutor's argument fell within permissible bounds and it did not amount to severe misconduct or affect appellant's substantial rights, and therefore, should be disregarded. See **Mosley v. State**, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998); **Threadgill**, 146 S.W.3d at 666-67; **TEX. R. APP. R. 44.2(b)**.

Finally, the prosecutor in very plain words gave the position of the State of Texas on appellant's latest cases, and that position was that these were not probation cases and urged that appellant should get more time since he was on his ninth and 10th criminal convictions. The prosecutor expressed an opinion that the

17

number of appellant's criminal convictions was excessive, and, indeed, appellant agreed his courtroom criminal encounters had become a habit. *RR2:41, 43-44, 50-52* Both the prosecutor and defense agreed appellant was not punishable under the Texas Penal Code as a habitual felony offender. *RR2:50-51, 53* The plea papers, testimony and evidence, argument, and sentences imposed make it clear there was no confusion about the applicable ranges of punishment.

D. <u>Conclusion</u>. In conclusion, appellant's first issue should be denied because (1) appellant did not object to the State's initial misstatement and thereby waived review; (2) the trial court was sitting as trier of fact and was quite capable of disregarding any allegedly improper argument, and should be presumed to have done so; and, (3) any allegedly inappropriate prosecutorial argument was quickly corrected, and, when examined as a whole in context, the argument did not amount to prosecutorial misconduct. Thus, appellant's claim of entitlement to reversal in issue one is without merit.

**RESPONSIVE POINT TWO (TO APPELLANT'S "ISSUE TWO"):**

Appellant received effective assistance of counsel.

*I. Appellant's Contentions.* Appellant contends he is entitled to a new punishment trial because his counsel was ineffective. According to appellant, defense counsel should have formally objected when the State mischaracterized appellant's eight prior convictions as felonies and argued appellant was a habitual

offender. Although defense counsel clarified—along with the prosecutor—that appellant had eight prior criminal convictions and did not fit the profile set out in the statute as a habitual offender, appellant claims he was denied a fair proceeding.

*II. Summary of the State's Response.* The State asserts that it "discussed appellant's criminal history, *ad naseum*," as appellant complains on appeal, because appellant had so many convictions. *Appellant's Brief:14-17* Appellant's significant criminal history was rightfully the focus of the prosecution on punishment, and, in particular, appellant's lack of success on probation. For strategic reasons, defense counsel presented ample mitigation testimony from appellant and obviously chose to refrain from discussion of appellant's many convictions to de-emphasize them and argue for assistance for appellant's drug habit. Although appellant did not get rehab and probation as desired, his punishment was very near the low end on both of the enhanced felony convictions. Based upon a review of the record, appellant did not show there was a reasonable probability of a different result even if defense counsel had formally objected at closing argument.

*III. Argument and Authorities.* A. <u>Standard of Review</u>. To prevail on his ineffective assistance claim, appellant must prove by a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) there is a

reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance.  *See* **Strickland v. Washington**, 466 U.S. 668, 687-95, 104 S.Ct. 2052, 2064-69, 80 L.Ed.2d 674 (1984); **Tong v. State**, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); **Hernandez v. State**, 726 S.W.2d 53, 55-57 (Tex.Crim.App. 1986).  It is now axiomatic that the right to counsel does not mean the right to errorless counsel.  **Robertson v. State**, 187 S.W.3d 475, 483 (Tex.Crim.App. 2006).  Failure to satisfy either prong of the **Strickland** test is fatal.  **Ex parte Martinez**, 195 S.W.3d 713, 730 (Tex.Crim.App. 2006).

As noted above, permissible argument generally falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. **Berry**, 233 S.W.3d at 859.  The State is allowed to make reasonable inferences during closing argument.  **Id.**  If the State's closing argument was proper, appellant's counsel was not deficient by failing to object.  *See* **Ex parte White**, 160 S.W.3d 46, 53-54 (Tex.Crim.App. 2004).  Before entitlement to a new punishment hearing alleging ineffective assistance, appellant must demonstrate sufficient facts from which a Court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been

20

different.  **Smith v. State**, 286 S.W.3d 333, 340-43 (Tex.Crim.App. 2009); **King v. State**, 29 S.W.3d 556, 566 (Tex.Crim.App. 2000).

B.  Discussion.  In his last issue, appellant complains that his trial counsel was ineffective by failing to object to the prosecutor's closing argument.  The State urges on appeal that appellant cannot meet his burden to demonstrate his counsel rendered ineffective assistance on this record.  The "improper argument" that the State made about appellant's prior eight convictions as all felony convictions was a misstatement and after recognizing the error, upon defense counsel's interruption, the prosecutor immediately apologized—three times—and advised the trial court of the correct classification of appellant's eight prior convictions. *RR2:51-52* From that point forward, the State properly referred to the prior criminal convictions and there was no need to further object as the problem had been remedied.  Also, counsel could have determined that it was unnecessary to address the matter further because the trial court sat as trier of fact and the defense undoubtedly wanted to de-emphasize appellant's rather extensive criminal history as the defense pushed for rehab and probation.

Although defense counsel could have formally objected instead of using the more polite "[e]xcuse me" interruption, defense counsel's performance does not fall below the objective standard of reasonableness in failing to object to the prosecutor's argument.  The record does not support a conclusion that, if counsel

21

had formally objected to this argument, there is a probability that the outcome of the proceeding would have been different. The interruption did the trick. The statement about which appellant complains was one comment in the middle of a short argument to the trial judge that predominately focused on appellant's prior chances at rehab and probation and a prior seven-year sentence which made no impression. *RR2:50-52, 55-56* Although the State suggested a 20-to-25 year sentence on appellant's ninth case and a 10-to-20 year sentence on his 10th, the trial court sentenced appellant to 10 years and five years, respectively, concurrent, with no fines. *RR2:52, 58* Appellant received less than the State requested and close to the minimum of the punishment range for each offense: five-to-99 years on the ninth conviction; and, two-to-20 years on the 10th conviction. *CR#1:14, 28-30; CR#2:25, 33-38; RR2:7-8, 50, 58* Taking into account such factors as appellant's actual sentences, the potential minimum and maximum sentences, the extensive criminal history he had, and past opportunities for rehab and probation and prison time, appellant received rather lenient sentencing. Even assuming *arguendo* that counsel's performance was deficient, appellant failed to show that there was a reasonable probability that his sentences would have been significantly less absent his counsel's purported error.

The present case is distinguishable from **Oliva** and the other jury trial cases cited by appellant. **Oliva v. State**, 942 S.W.2d 727 (Tex.App.—Houston [14[th]

22

Dist.] 1997, pet. dism'd). Unlike the prosecutor in **Oliva**, the prosecution in this case was before the judge on punishment. At close, the prosecutor summarized prior convictions and questioned appellant's ability to benefit from rehab, probation, and a light sentence given the prior criminal history. A summation of evidence presented at trial is one of the four permissible areas of proper argument. *See* **McFarland v. State**, 989 S.W.2d 749, 751 (Tex.Crim.App. 1999). Unlike **Oliva**, the complained-of comment did not refer to appellant's lack of remorse but instead on appellant's rather lengthy criminal history, including a seven-year sentence, and prior missed opportunities at drug rehabilitation and probation. **Oliva**, 942 S.W.2d at 733-34; *RR2:51-52, 55-56* The record supports that there was no prosecutorial misconduct and that defense counsel's interruption was sufficiently effective to clarify the misstatement. Therefore, the defense did not err in failing to formally object and, in any event, the trial court was more than capable of disregarding the initial misstatement made by the prosecutor. Based upon these facts and this record, counsel rendered reasonably effective assistance during closing argument.

Hence, defense counsel's alleged failure did not prejudice appellant. The State corrected its mistake and did not engage in prosecutorial misconduct and any alleged error did not affect appellant's substantial rights. Given that defense counsel chose a more polite interruption to correct the State's misstatement, it

could be plausible trial strategy, on this record, for defense counsel to refrain from further objection so as not to highlight appellant's criminal history before the trial court sitting as trier of fact versus a jury and with the judge quite capable of disregarding any improper argument. **Rylander v. State**, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003); **Lopez**, 725 S.W.2d at 490. The State urges appellant has not made an adequate showing of prejudice; that is, he has not shown there is a reasonable probability that but for trial counsel's alleged error in not objecting, the sentences imposed by the trial court would have been significantly less. In sum, defense counsel was not deficient and appellant was not prejudiced given the lenient sentences imposed on appellant's ninth and 10th convictions.

C. Conclusion. Appellant has not satisfied both elements of the **Strickland** test on this record. Appellant has not shown that counsel's performance was deficient and that there would have been probable change in outcome but for the alleged ineffective representation. In the defense closing argument, counsel reiterated—what all parties already knew—that appellant "did not fit the profile set out in the statutes as a habitual offender." *RR2:53* Although appellant did not get rehabilitation and probation as requested, his punishments were well below what the prosecution recommended and close to the minimum. Thus, appellant was not denied effective assistance of counsel and his claims for relief should be in all respects denied.

## CONCLUSION AND PRAYER

Appellant's judgment of conviction by the trial court in both cases should be in all things upheld for the reasons outlined above. Appellant's claim of reversible prosecutorial misconduct should be overruled as well as his contention that he received ineffective assistance of counsel.

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays upon consideration of the responsive points expressed and discussed herein, this Honorable Court deny appellant's issues one and two and affirm appellant's convictions.

Respectfully submitted,
RANDALL SIMS, 47TH DISTRICT ATTORNEY
Potter County Courts Building

/s/ Katherine L. Levy
KATHERINE L. LEVY, SBN 12266480
Assistant District Attorney
501 S. Fillmore, Suite 5A
Amarillo, Texas 79101
kathylevy@co.potter.tx.us
(806) 379-2325; fax (806) 379-2823

ATTORNEYS FOR THE STATE

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of November, 2015, a true copy of the foregoing State's Brief was served on appellant's attorney, Steven M. Denny, 2414 Line Avenue, Amarillo, Texas, 79106, email lawyerdenny@aol.com.

25

/s/ Katherine L. Levy

Assistant District Attorney

**CERTIFICATE OF COMPLIANCE**

In accordance with **TEX. R. APP. P. 9.4(i)(3)**, I hereby certify that the foregoing Brief contains, as reflected in the computer word count, 6,330 words. That count includes all words in the Brief, including words which, under the Rule, are excluded from the prescribed word limit.

/s/Katherine L. Levy

Assistant District Attorney