**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00080-CR**
**NO. 09-19-00081-CR**
**NO. 09-19-00082-CR**

_____

**SEANDRE MCMAHON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause Nos. 23851, 23853 & 23855**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Seandre McMahon for aggravated robbery with a deadly weapon in trial cause numbers 23851, 23853, and 23855. *See* Tex. Penal Code Ann. § 29.03. McMahon pleaded guilty to all three charges, and McMahon elected to have his punishment assessed by the trial court without a jury. After hearing evidence, the court assessed punishment at forty years' confinement

1

for each offense, to run concurrently. McMahon filed a notice of appeal in all three cases.

McMahon raises one issue on appeal, arguing that the State improperly commented on McMahon's failure to testify at the hearing on punishment in violation of the U.S. and Texas constitutions and article 38.08 of the Code of Criminal Procedure, which protect the right against self-incrimination. *See* U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 38.08. McMahon's issue focuses on the comment made by the State's attorney in closing argument:

> The other thing you have not heard here, Judge, is you haven't heard the victims come up here and say: We've heard from the Defendant and his remorse and we've talked to him and we're asking you for leniency on his part. And because you don't hear that, what you heard is what's on that tape -- on that 911 tape. So, on that basis, we ask you to give him the 45 [years].

McMahon argues that this statement asked the trial court to consider whether McMahon was hiding something and challenged his right not to testify, and he contends that the error affected his substantial rights, and that the cases should be remanded for a new punishment hearing.

The notices of appeal in trial cause number 23853 and the notice of appeal for trial cause number 23855 (appellate cause numbers 09-19-00081-CR and 09-19-00082-CR respectively) were filed more than thirty days following entry of

2

judgment. Under Texas Rule of Appellate Procedure 26.2, in a criminal case, a defendant must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order[.]" Tex. R. App. P. 26.2(a)(1). If an appeal is not timely perfected, a court of appeals lacks jurisdiction to address the merits of the appeal, and the court can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (citing *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996)); *see also Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012) (explaining that a notice of appeal filed even one day late is enough to deprive the appellate court of jurisdiction to consider the appeal).

McMahon alleged in his notices that he was an inmate in the Hardin County jail at the time he filed his notices of appeal. The "prisoner mailbox rule" deems an item filed with the clerk of court "at the time the prison authorities duly receive the document to be mailed." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010) (adopting mailbox rule for pro se inmate filings in criminal appeals). There are no envelopes in the clerk's record, and nothing in the record before us indicates when or if McMahon delivered the notices to the prison authorities for delivery with the United States Postal Service.

3

We asked the parties attorneys to provide additional information about the time and method used by McMahon to file the notices of appeal. McMahon responded with an affidavit from his appellate attorney, which stated in relevant part:

1. I have spoken with the mother of the Defendant. . . .

2. She has told me that she picked up the Notice of Appeal paperwork from the prison officials.

3. The paperwork only addressed [] one of the cases on appeal. She copied the original notice and added the other two case numbers. However, the other cases['] notices were filed after the deadline.

The affidavit establishes that McMahon did not use the prion mail system for the United States Mail to file his notices of appeal, and further that the two late notices were not timely filed. *See* Tex. R. App. P. 9.2(b)(1). We conclude that the notices of appeal in trial cause numbers 23853 and 23855 (appellate cause numbers 09-19-00081-CR and 09-19-00082-CR respectively) were untimely, and we lack jurisdiction to consider them. *See* Tex. R. App. P. 26.2(a)(1).[1] Accordingly, we

---

[1] McMahon may seek an out-of-time appeal by application for writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, but this relief is beyond our court's jurisdiction on direct appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Ater v. Eighth Ct. of App.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (Court of Criminal Appeals has exclusive authority to grant relief in post-conviction felony proceedings); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals.").

4

dismiss appellate cause numbers 09-19-00081-CR and 09-19-00082-CR for lack of jurisdiction.

McMahon's notice of appeal in trial cause 23851 (appellate cause number 09-19-00080-CR) was timely filed. However, the record does not reflect that McMahon made a timely objection to the comment of the State's attorney with the trial court. To preserve error for appellate review, a party generally must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. *See* Tex. R. App. P. 33.1(a); *Garcia v. State*, 887 S.W.2d 862, 877 (Tex. Crim. App. 1994) (overruling the appellant's claim that the State improperly commented on the appellant's failure to testify because the defense did not object and preserve the error), *abrogated in part on other grounds by Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001). To complain on appeal about an erroneous argument, an appellant must show that he objected at trial to the argument and that he pursued his objection to an adverse ruling. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Garcia*, 887 S.W.2d at 877 (holding that no error was preserved when appellant did not object to State's alleged comment during closing argument on appellant's failure to testify). Having failed to establish that he made that objection at trial and obtained a ruling thereon, McMahon has forfeited his right to complain about the prosecutor's argument on appeal, and we overrule

5

this issue. *See Oliva v. State*, 942 S.W.2d 727, 731 (Tex. App.—Houston [14th Dist.] 1997, pet. dism'd); *see also Humphries v. State*, No. 09-17-00104-CR, 2019 Tex. App. LEXIS 1033, at **15-16 (Tex. App.—Beaumont Feb. 13, 2019, no pet.) (mem. op., not designated for publication) ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling.") (quoting *Cockrell*, 933 S.W.2d at 89); *Weeks v. State*, 396 S.W.3d 737, 740-41 (Tex. App.—Beaumont 2013, pet. ref'd) (failure to object at trial forfeits error on appeal).

Even assuming McMahon had preserved this complaint, we find no error. The complained-of statement in the State's closing argument was "you haven't heard the *victims* come up here and say: We've heard from the Defendant and his remorse and we've talked to him and we're asking you for leniency on his part."[2] "To violate the right against self-incrimination, the offending language must be viewed from the [factfinder's] standpoint and the implication that the comment referred to the *defendant's* failure to testify must be clear." *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001) (emphasis added). In this case, the State's closing argument was made to the trial court and not to a jury, and it referred to what the

---

[2] Emphasis added.

trial court had not heard, and to the victims' failure to testify, not the defendant's failure to testify. Therefore, we cannot say the complained-of comment violated the right against self-incrimination. *See id.*

Having overruled McMahon's issue in cause number 09-19-00080-CR, we affirm the judgment of the trial court in trial cause number 23851. We dismiss cause numbers 09-19-00081-CR and 09-19-00082-CR for lack of jurisdiction.

AFFIRMED; DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on November 21, 2019
Opinion Delivered January 15, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

7